**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHRISTOPHER C. CHIKWERE<br>16122 Affirmed Way<br>Friendswood, Texas 77546<br><br>       Plaintiff<br><br>v.<br><br>SCHUYLER LINE NAVIGATION CORP.<br>130 Severn Avenue, Suite 204<br>Annapolis, Maryland 21403<br><br>SERVE:  Russell Paret<br>        130 Severn Avenue Suite 200<br>        Annapolis, MD 21403<br><br>    and<br><br>CHESAPEAKE CREWING, LLC<br>130 Severn Avenue, Suite 204<br>Annapolis, Maryland 21403<br><br>SERVE:  Russell Paret<br>        130 Severn Avenue Suite 200<br>        Annapolis, MD 21403<br><br>       Defendants | Civil Action No: |

## PLAINTIFF'S COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiff, Christopher C. Chikwere, by his attorneys, Paul D. Bekman and Bekman, Marder, Hopper, Moore & Quinn, L.L.C., files this Complaint in actions against Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC for recovery of damages in an action of tort, civil and maritime, and pursuant to the Jones Act, 46 U.S.C.A., Section 688 and the General Admiralty Law, respectfully represents unto this Honorable Court.

## Parties

1

1.      Plaintiff, Christopher C. Chikwere, is an adult and, at all relevant times hereto, a resident of Friendswood, Harris County, Texas.

2.      Defendants, Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC, are domestic companies whose incorporation was in Maryland, conduct business in Maryland and has their principal place of business in Annapolis, Anne Arundel County, Maryland.

### COUNT I -- *Jones Act Claim*

3.      That this cause of action arises under the Jones Act, 46 U.S.C.A., Section 688 as more fully set forth herein.

4.      That at all times hereinafter mentioned, the Defendants, Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC, owned, operated and had in their possession and control the SLNC Star, a United States flagged cargo ship, which is owned, managed and operated by Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC.

5.      At all times material thereto, Plaintiff was aboard a vessel owned and operated by Defendants and was in the employ of Defendants acting within the course and scope of his employment as a seaman.

6.      In late October 2023, Plaintiff was contacted and contracted by the Defendant, Chesapeake Crewing, LLC, for employment as a seaman.  After contracting with him, Defendants flew Plaintiff from Houston to Singapore to join the crew of the SLNC Star, a cargo ship which is owned, operated and controlled by Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC, and serve as a member of the crew of said vessel.

7.      Approximately four days after arriving aboard the SLNC Star, the vessel proceeded to Diego Garcia Island (Singapore to Diego Garcia Island was their dedicated route). On Sunday, October 29, 2023, between the hours of 10:00 a.m. and 11:00 a.m., the crew

2

were preparing the ship for loading.  Plaintiff and his shipmates/coworkers were instructed to prepare the cargo hold and deck for loading. Plaintiff (bosun) and his shipmates/coworkers were moving bins using two deck mounted cranes. Due to their awkward placement, multiple crewmen are required for safe operation of the cranes. Defendants did not have sufficient personnel to control the load as it was being loaded – resulting in Plaintiff's hand being crushed between the swinging load and static cargo.

8.     The Plaintiff received emergency medical care on base following the incident but there was no surgical intervention as the island was not equipped for that type of emergency.  His finger was amputated and was picked up and put on ice.  Unfortunately, there were no planes scheduled to leave the island to the mainland, therefore, he had to wait a couple days until he was flown to Singapore.  Once in Singapore, he was treated at Mount Elizabeth Hospital where doctors were able to reattach his ring finger and treat his other finger.  Pins were placed in fingers.  A few days after the surgery, the Plaintiff was flown back to Houston where he continued his medical treatment.  While he has not yet reached maximum medical improvement, to date he has not regained use of his hand and requires ongoing treatment. As such, Plaintiff's injuries and treatment were proximately caused by Defendants' negligence and/or the unseaworthiness of the Vessel.

9.     That solely by reason of the negligence of the Defendants, and without any negligence on the part of the Plaintiff, the Plaintiff was seriously and permanently injured; and the Plaintiff has required extensive medical care and attention and may require further medical care and attention; and he has lost and will continue to lose large sums of money which he otherwise would have earned; and he has suffered and will continue to suffer severe pain and agony; and he will be permanently disabled as a result thereof.

10.    That all of said damages, losses and injuries are a direct result of the negligent failure of the Defendants to provide the Plaintiff with a safe and seaworthy vessel; and by reason of the negligent failure of the Defendants to provide Plaintiff with a safe place in which to work; and by reason of negligent failure of the Defendants to promulgate and enforce reasonable rules and regulations for the performance of work aboard aforesaid vessel, so as to provide for the safety of the Plaintiff and other members of the crew while performing their duties aboard said vessel; and as a result of the negligence of the Defendants, through their agents, officers, and servants aboard the aforesaid vessel, in failing to properly supervise and coordinate the work being performed at the time and place aforesaid; and as a result of the negligence of the Defendants through their agents, officers and servants aboard the aforesaid vessel in failing to provide safe and adequate equipment to use at the aforesaid time and place; and as a result of the negligence of the Defendants, through their agents, officers and servants aboard the aforesaid vessel in failing to have and maintain proper safety appliances aboard said vessel; and as a result of negligent failure of the Defendants, through their agents, officers and servants aboard said vessel in failing to warn the Plaintiff of the hazardous area where the Plaintiff was required to work and in that the Defendants were otherwise careless, negligent and reckless resulting in the injuries to the Plaintiff.

11.    Plaintiff elects to maintain this action for damages with a right of trial by jury.

WHEREFORE, the Plaintiff, Christopher C. Chikwere, demands judgment in his favor and against the Defendants, Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC, in a sum to exceed $75,000.00 in compensatory damages, with interests and costs.

## **COUNT II -- *General Maritime Law Claim***

12.    The Plaintiff realleges the allegations contained in Count I.

13.    That all of said losses, damages and injuries are a direct result of the failure of the Defendants, Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC, to provide the Plaintiff with a safe and seaworthy vessel and with safe and seaworthy personnel, and as a result of the failure of the Defendants to provide and maintain in proper, safe and seaworthy condition, the equipment and appurtenances of said vessel and to provide safe and adequate equipment on the aforesaid vessel.

14.    By reason of the unseaworthiness of the said vessel, as stated above, and without any negligence on his part, the Plaintiff was seriously and permanently injured, and has required extensive medical care and attention, and will require further medical care and attention; and he has lost and will continue to lose large sums of money which he might otherwise have earned; and he has suffered and will continue to suffer great pain and agony, and he will be permanently disabled as a result.

WHEREFORE, the Plaintiff, Christopher C. Chikwere, demands judgment in his favor and against the Defendants, Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC, in a sum to exceed $75,000.00 in damages, with interests and costs.

## COUNT III -- *Maintenance and Cure*

15.    Plaintiff realleges the allegations contained in Counts I and II.

16.    That at the time of the injury to the Plaintiff, the Defendants had the duty and obligation to provide the Plaintiff with maintenance and cure.  That the Plaintiff has required and may continue to require medical care and assistance.  That the Defendants owe the Plaintiff the continuing duty to pay for said maintenance and cure.

17.    That as a result of the failure of the Defendants to pay the Plaintiff the maintenance and cure that is rightfully due him, the Plaintiff has been required to hire an

attorney.  The attorney has made claim upon the Defendants who have failed and refused, without justification, to pay maintenance and cure benefits, wherefore, this action is brought for the willful failure to pay maintenance and cure benefits and seeks in addition to an award of maintenance and cure attorney's fees and costs.

WHEREFORE, the Plaintiff, Christopher C. Chikwere, demands judgment in his favor and against the Defendants, Schuyler Line Navigation Corp. and Chesapeake Crewing, LLC, in a sum to exceed $75,000.00 in damages, with interests and costs.


                            */s/ Paul D. Bekman*
                            PAUL D. BEKMAN (Fed. Bar #00019)
                            bekman@mdtrialfirm.com
                            BEKMAN, MARDER, HOPPER,
                               MOORE & QUINN, LLC
                            1829 Reisterstown Road, Suite 200
                            Baltimore, Maryland 21208
                            410-539-6633

                            *Attorneys for Plaintiff*